UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBORAH W. CASKEY,

                           Plaintiff,

                                                              DECISION AND ORDER

                                                              11-CV-6194L

                         v.

COUNTY OF ONTARIO,
DEPARTMENT HEAD JOHN COOLEY,
Individually, as aider and abettor,

                           Defendant.
_____

## **INTRODUCTION**

      Plaintiff Deborah Caskey ("Caskey") brings this action against the County of Ontario (the "County") and John Cooley ("Cooley") (collectively, "defendants"), alleging that defendants discriminated against her with respect to her employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq., and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law §290. Specifically, plaintiff contends that the defendants subjected her to unlawful discrimination and retaliation on the basis of age.

      In lieu of an answer, defendants now move to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), and in the alternative for summary judgment pursuant to Fed. R. Civ. Proc. 56, on the grounds that Caskey's complaint fails to state a cause of action, and/or that she lacks sufficient evidence to support her claims. (Dkt. #3). Caskey has opposed the motion, and cross moved for additional discovery pursuant to Fed. R. Civ. Proc. 56(f) (Dkt. #7). For the reasons set forth below, the defendants' motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) is granted in part, and plaintiff's motion for discovery is denied.

**DISCUSSION**

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the Court's review is limited to the complaint, and those documents attached to the complaint or incorporated therein by reference. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996). The Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of the Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). Nonetheless, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "bald assertions and conclusions of law will not suffice," *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 126 (2d Cir. 2007), and where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. 544 at 570.

**I.      Defendants' Motion as One for Summary Judgment**

Defendants have styled their motion to dismiss, in the alternative, as one for summary judgment pursuant to Fed. R. Civ. Proc. 56. However, issue has not been joined and no discovery has taken place. As such, a summary judgment analysis would be premature at this juncture. The defendants' request for summary judgment in their favor is denied, and the Court will limit its analysis to whether plaintiff has sufficiently stated her claims under Fed. R. Civ. Proc. 12(b)(6). *See e.g.*, *Miller v. Wolpoff & Abramson, LLP*, 321 F.2d 292, 302 (2d Cir. 2003).

**II.     Defendants' Request for Paragraphs 13-25 of the Complaint Not to Be Considered**

Defendants contend that paragraphs 13-25 of the Complaint, which describe incidents which arose months or years prior to the 300-day "lookback" period preceding plaintiff's administrative

charge, should not be considered in assessing her federal claims. Defendants also note that the NYHRL's three-year statute of limitations bars the allegations of paragraphs 13-16 for plaintiff's state law claims.

Plaintiff does not dispute that these allegations are time-barred, and makes no argument that they should be considered as part of a continuing violation, nor does the record suggest that they could reasonably be construed as such. Accordingly, the claims in paragraphs 13-25 will not be considered by the Court for purposes of assessing whether the acts described therein give rise to federal claims, and paragraphs 13-16 will not be considered in assessing whether claims are stated therein under the NYHRL.[1]

### III.   Caskey's ADEA Claims

#### A.   Discriminatory Discharge

In order to state a discriminatory discharge claim under the ADEA, a plaintiff must allege facts which tend to show that she: (1) is a member of the protected age group; (2) was qualified for her job; and 3) was discharged under circumstances that give rise to an inference of discrimination. *See Collins v. New York City Transit Authority*, 305 F.3d 113, 118 (2d Cir. 2002); *Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir. 1985). In the age discrimination context, such circumstances include those where a plaintiff was "fired in favor of the retention of younger persons or was fired and replaced by younger persons." *Pirone v. Home Ins. Co.*, 559 F. Supp. 306, 309-310 (S.D.N.Y.), *aff'd*, 742 F.2d 1430 (2d Cir. 1983).

The plaintiff has alleged that she is an individual over the age of forty, and that she was qualified to perform the requirements of her position as a Finance Clerk I. The Finance Clerk I position was formally abolished by the County on or about April 24, 2009 (Dkt. #1 at ¶34), and

---

[1] The Court will otherwise consider Caskey's ADEA claims and her state law claims in tandem, since "age discrimination suits brought under the state [law] are subject to the same analysis as claims brought under the ADEA." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001).

plaintiff's employment continued for several weeks thereafter before it was finally terminated. At the same time the Finance Clerk I position was abolished, the County Board of Supervisors created a new position, "Microfilm Machine Operator." Plaintiff alleges that she applied for that position, but that another individual, one who plaintiff alleges was "significantly younger" than she, was selected. (Dkt. #1 at ¶38).

These facts, taken as true and construed in plaintiff's favor, lend plausible support to plaintiff's claim that the abolishment of the Finance Clerk I position occurred under circumstances giving rise to an inference of discrimination. Plaintiff generally alleges that her job duties were assigned to other employees, and that some of her duties were subsumed in the new position, Microfilm Machine Operator, into which someone "significantly younger" than she was hired.[2]

Defendants point out that with respect to the abolishment of the Finance Clerk I position, "[t]he [ADEA] does not forbid essential corporate belt-tightening having no discriminatory

---

[2] Plaintiff does not identify the name or age of the "significantly younger" individual to whom the complaint refers. The County contends that the "significantly younger" replacement who was hired for the Microfilm Operator position was, in fact, only three years younger than plaintiff. Because on a motion pursuant to Fed. R. Civ. Proc. 12(b)(6) the Court's analysis is limited to the Complaint and other matters incorporated therein, the Court is unable to consider the accuracy or effect of this information in deciding the instant motion.

However, the Court recognizes that generally, a three-year age gap would be insufficient as a matter of law to state or establish a claim for age-based discrimination, and cautions plaintiff to thoughtfully consider the actual age gap presented here, and the corresponding merits of continuing to prosecute her age-based discrimination claims in conjunction with the mandates of Fed. R. Civ. Proc. 11. *See e.g.*, *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996) (age difference must be "substantial"); *Price v. City of New York*, 2011 U.S. Dist. LEXIS 67421 at *31 (E.D.N.Y. 2011) ("in the absence of any other facts, three years cannot suggest a plausible scenario of a causal connection)*; Baguer v. Spanish Broad. Sys.*, 2010 U.S. Dist. LEXIS 69212 at *40 (S.D.N.Y. 2010) (collecting cases and noting that based on Second Circuit precedent which suggests that a difference of less than ten years is not "substantial," an eight-year difference is thus insufficient to support an inference of discrimination); *Spahr v. American Dental Centers*, 2006 U.S. Dist. LEXIS 14581 at *12-*13 (E.D.N.Y. 2006) (because anything less than ten years is insufficient to suggest, by itself, an inference of discrimination, a five-year age difference is insufficient). *See generally Hoffmann v. Primedia Special Interest Publs.*, 217 F.3d 522, 525 (7th Cir. 2000) (holding 3-year age difference between discharged 42-year-old employee and 39-year-old replacement "fails the fourth requirement of a *McDonnell Douglas* showing under the ADEA"), *cited with approval by Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 78-79 (2d Cir. 2005).

motivation," *id.*, and courts and juries do not operate as "super-personnel department[s]" to question a company's staffing decisions. *Scaria v. Rubin*, 117 F.3d 652, 655 (2d Cir. 1997). In accordance with this consideration, it is well settled that the reassignment of a plaintiff's duties to younger employees following the elimination of a position during a reduction in force does not typically amount to a claim for "replacement" of the plaintiff with a younger employee for purposes of the ADEA. *See e.g.*, *Suttell v. Mfgs. Hanover Trust Co.*, 793 F. Supp. 70, 73 (S.D.N.Y. 1992).

Nonetheless, the complaint here does not allege or concede that any bona fide restructuring or reduction in force occurred. Rather, plaintiff alleges that the abolishment of the Finance Clerk I position and creation of the Microfilm Operator position was simply a thinly-veiled attempt to terminate her individual employment and assign her former position, "shifted around," to "a [significantly] younger female." (Dkt. #1 at ¶39). As such, I find that the complaint, albeit narrowly, manages to state a claim for age-based discrimination. (Dkt. #1 at ¶¶32-35, 37-43).

**B.     Retaliation**

Retaliation claims are analyzed within the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*. *McDonnell Douglas*, 411 U.S. 792 (1973). A plaintiff may state a claim for retaliation by alleging facts which tend to show: (1) her participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action. *Id*. Here, plaintiff alleges that in or about August 2008, she complained to the County's Human Resources Department that she believed Cooley's "gratuitous, excessive questioning" about her retirement plans was discriminatory, and that her concerns were met only with self-serving reassurances that, "the County likes to project and plan ahead." (Dkt. #1 at ¶¶21, 22).

Initially, it is unclear from the face of the complaint whether plaintiff engaged in a protected activity, as plaintiff does not specify what she told Human Resources, or state whether her complaints referred to unlawful discrimination, or merely communicated her annoyance about being repeatedly questioned about her retirement plans. *See Foster v. Humane Society of Rochester &*

*Monroe County, Inc.*, 724 F. Supp. 2d 382, 394-395 (W.D.N.Y. 2010) (in order to allege that complaints to management comprised protected activity, a plaintiff must allege that she complained about acts of discrimination, and not other issues or work-related problems outside the scope of anti-discrimination statutes).

Regardless, Caskey makes no allegation that Cooley, the decision maker who authorized the elimination of the Finance Clerk I position, was ever aware that she had complained to Human Resources about unlawful discrimination.

Even assuming *arguendo* that Caskey's complaint did constitute protected activity and that Cooley's knowledge of such activity could be inferred by his mere employment with the County, Caskey does not allege any facts which suggest a causal connection between her complaint and the elimination of the Finance Clerk I position, beyond her own speculation and the nine-month temporal proximity between the two events. *See Reyes v. City University of New York*, 2007 U.S. Dist. LEXIS 55101 (S.D.N.Y. 2007) (cause of action for retaliation under Title VII dismissed where, among its deficiencies, "plaintiff pleads not a single fact tending to link" his protected activity to the adverse action).

The nine-month temporal proximity between plaintiff's protected activity and the allegedly unlawful discrimination -- standing, as it does, alone -- is insufficient as a matter of law to suggest a causal connection for purposes of plaintiff's retaliation claim. While there is no "bright-line" rule establishing an outer time limit, in order to plead or establish causation based on temporal proximity, courts generally require that these two events occur "very close" in time. *See Clark County School Dist. v. Breeden*, 532 U.S. 268, 273 (2001). The significantly attenuated, nine month span of time between plaintiff's complaint and the alleged retaliatory conduct alleged here is patently insufficient to plausibly allege a causal connection by itself. *See e g.*, *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85-86 (2d Cir. 1990)(three and a half months insufficient); *McDowell v. N. Shore-Long Island Jewish Health Sys.*, 2011 U.S. Dist. LEXIS 58653 at *11-*12 (E.D.N.Y. 2011) ("pursuant to the Second Circuit's authority, the Court finds that [a] greater than three month gap, unsupported by

any other allegations showing plausible retaliation, is insufficient to raise an inference of retaliation [and defeat a Fed. R. Civ. Proc. 12(b)(6) motion to dismiss]"); *Meggison v. Paychex, Inc.*, 679 F.Supp.2d 379, 388 (W.D.N.Y. 2010)(period of four months insufficient). Accordingly, plaintiff has failed to state a plausible claim for retaliation pursuant to the ADEA, and that claim is dismissed.

## IV.    Plaintiff's Motion for Discovery

Plaintiff has filed no substantive opposition to the defendants' motion to dismiss and for summary judgment, except to argue that her complaint generally satisfies the requirements of Fed. R. Civ. Proc. 8, and that a grant of summary judgment would be premature in the absence of discovery. To that end, plaintiff requests that the defendants' motion be held in abeyance unless or until plaintiff has the opportunity to conduct discovery.

Because the Court does not reach defendants' motion insofar as it requests summary judgment, plaintiff's request for discovery for the purpose of raising questions of fact is moot. The motion for discovery pursuant to Fed. R. Civ. Proc. 56(f) is denied.

## CONCLUSION

For the foregoing reasons, I find that plaintiff's complaint states a claim for age-based discrimination, but that it fails to state a claim for unlawful retaliation. Defendants' motion to dismiss (Dkt. #3) is therefore granted in part, and plaintiff's claims of discriminatory retaliation, set forth as the third and fourth causes of action in the complaint, are dismissed in their entirety. Plaintiff's motion for discovery (Dkt. #7) is denied as moot. Defendants are directed to answer the complaint within twenty (20) days of entry of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　August 2, 2011.